Jerome J. Schlichter, Bar No. 54513
SCHLICHTER BOGARD LLC
100 S. Fourth Street, Suite 1200
Saint Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com

*Attorney for Movants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

JERRY M. ADAIR, CARLA
DANIELSON, KATHERINE J. EMRICK,
PRESTON PHAM, and EVA D.
RECCHIA, individually and on behalf of
all others similarly situated,

*Movants*,

v.

ADOBE SYSTEMS, INC.,

*Respondent*.

Case No. 26-80144

Underlying Litigation**:** *Adair et al. v. Cigna Corporate Services, LLC, et al.*, No. 2:25-cv-02384-WB (E.D. Pa.)

**NOTICE OF MOTION AND MOTION TO COMPEL**
**ADOBE SYSTEMS, INC. TO COMPLY WITH SUBPOENA**
**AND TO TRANSFER THIS MOTION TO THE ISSUING COURT**

CASE NO. 26-80144

MOTION TO COMPEL ADOBE
SYSTEMS, INC. AND MOTION TO
TRANSFER PROCEEDINGS

Please take notice that, pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37-2, Movants Jerry M. Adair, Carla Danielson, Katherine J. Emrick, Preston Pham, and Eva D. Recchia ("Movants") seek an order from this Court to compel Adobe Systems, Inc. ("Respondent" or "Adobe") to comply with Movants' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated December 22, 2025. Additionally, Movants request that these proceedings be transferred to the district adjudicating the underlying action, *Adair et al. v. Cigna Corporate Services, LLC, et al.,* No. 2:25-cv-02384-WB (E.D. Pa.).

This Motion is based upon this Notice of Motion, the attached Statement of Points and Authorities, the Declaration of Chen Kasher, Esq., and accompanying exhibits, all pleadings and papers on file herein, and any additional argument or documents that are presented to the Court in connection with this motion.

Dated: May 6, 2026

Respectfully submitted,

s/ Jerome J. Schlichter
Jerome J. Schlichter (Bar No. 54513)
SCHLICHTER BOGARD LLC
100 S. Fourth Street, Suite 1200
Saint Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com

*Attorney for Movants*

CASE NO. 26-80144

1

MOTION TO COMPEL ADOBE SYSTEMS, INC. AND MOTION TO TRANSFER PROCEEDINGS

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37-1**

This Motion is made following the conferences of counsel pursuant to L.R. 37-1 that took place on February 24, March 31, and April 17, 2026. In addition to those conferences, Movants sent a substantive three-page letter on March 2, 2026, and at least 10 emails on January 1, February 18, March 9, March 13, March 17, March 26, March 27, March 31, April 14, and April 15, 2026. See Declaration of Chen Kasher, Esq. at ¶ 17.

/s/ Jerome J. Schlichter
Jerome J. Schlichter

Jerome J. Schlichter, Bar No. 54513
SCHLICHTER BOGARD LLC
100 S. Fourth Street, Suite 1200
Saint Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com

*Attorney for Movants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JERRY M. ADAIR, CARLA DANIELSON, KATHERINE J. EMRICK, PRESTON PHAM, and EVA D. RECCHIA, individually and on behalf of all others similarly situated, | Case No. 26-80144 |
| *Movants*, | Underlying Litigation**:** *Adair, et al. v. Cigna Corporate Services, LLC,* No. 2:25-cv-02384-WB (E.D. Pa.) |
| v. | Hearing: |
| ADOBE SYSTEMS, INC., | |
| *Respondent*. | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ADOBE SYSTEMS, INC. TO COMPLY WITH SUBPOENA AND TO TRANSFER THIS MOTION TO THE ISSUING COURT**

**TABLE OF CONTENTS**

I.    STATEMENT OF THE ISSUES ................................................................... 1

II.   PARTIES AND JURISDICTIONAL STATEMENT ...................................... 2

III.  STATEMENT OF THE RELEVANT FACTS .............................................. 2

      A.    Allegations and Plaintiffs' Subpoena to Adobe ..................................... 2

      B.    Adobe's Responses and Meet and Confer Process ................................ 3

      C.    Plaintiffs' Efforts to Obtain the Requested Information from Defendants ............. 4

IV.   ARGUMENT ............................................................................... 5

      A.    Adobe Should Be Required to Comply with the Subpoena .................................... 5

            1.    The Subpoena Seeks Highly Relevant, Adobe-Specific Discovery Within the Scope of Rule 45. .................................................. 5

            2.    Adobe Cannot Demonstrate That Compliance Would Impose an Undue Burden. ...................................................... 9

      B.    Transfer to the Eastern District of Pennsylvania Is Warranted Under Rule 45(f) . 14

# TABLE OF AUTHORITIES

## CASES

*Barco, Inc. v. Yealink (USA) Network Tech. Co., Ltd.*,
No. 23-cv-521, 2025 U.S. Dist. LEXIS 202554 (E.D. Tex. Oct. 14, 2025) ..........................7

*Cameron v. CHW Grp.*,
No. 23-cv-320, 2025 U.S. Dist. LEXIS 201446 (D. Utah Oct. 10, 2025) .............................9

*Ceuric v. Tier One, LLC*,
325 F.R.D. 558 (W.D. Pa. 2018)........................................................................................10

*Corbera v. Taylor*,
No. 21-cv-1998-WBS-KJN, 2022 U.S. Dist. LEXIS 94777 (E.D. Cal. May 26,
2022) .................................................................................................................................9

*Fairholme Funds Inc. v. Fed. Hous. Fin. Agency*,
No. 13-cv-1053, 2019 U.S. Dist. LEXIS 194892 (D.D.C. Nov. 8, 2019) .............................9

*Genesis Abstract, LLC v. Bibby*,
No. 17-302, 2017 U.S. Dist. LEXIS 58647 (D.N.J. Apr. 18, 2017) ...................................14

*Gonzalez v. Google, Inc.*,
234 F.R.D. 674 (N.D. Cal. 2006) ......................................................................................10

*Hi.Q, Inc. v. Zeetogroup, LLC*,
No. 22-cv-1440, 2022 U.S. Dist. LEXIS 215133 (S.D. Cal. Nov. 29, 2022) ......................11

*In re Adobe Data Tracking Litig.*,
No. 25-cv-3032-NW, ECF No. 73 (N.D. Cal. Oct. 22, 2025) ............................................13

*In re Adobe Data Tracking Litig.*,
No. 25-cv-3032-NW, ECF No. 88 (N.D. Cal. filed Dec. 30, 2025) ...................................13

*In re Bank of Am. Corp. Secs., Derivative, & ERISA Litig.*,
No. 09-MDL-2058, 2009 U.S. Dist. LEXIS 108322 (S.D.N.Y. Nov. 16, 2009).................13

*In re EpiPen (Epinephrine Injection, USP) Mktg.*,
No. 17-md-2785, 2018 U.S. Dist. LEXIS 97433 (D. Kan. Jun. 11, 2018) .........................12

*In re Equifax Inc.*,
No. 17-cv-3463, 2018 U.S. Dist. LEXIS 101041 (N.D. Ga. Jun. 18, 2018)........................13

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020)..............................................................................................8

*In re Google RTB Consumer Privacy Litig.*,
606 F. Supp. 3d 935 (N.D. Cal. 2022) ............................................................................7, 8

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016)................................................................................................8

*In re Subpoena to Kaiser Found. Health Plan Inc.*,
No. 25-mc-80379, 2026 U.S. Dist. LEXIS 28812 (C.D. Cal. Feb. 11, 2026) ......................9

*Jones v. Henderson*,
No. 23-cv-23, 2024 U.S. Dist. LEXIS 48104 (S.D. Miss. Mar. 19, 2024) ..........................6

*Knight Capital Partners Corp. v. Henkel AG & Co.*,
290 F. Supp. 3d 681 (E.D. Mich. 2017)..............................................................................7

*Life Fitness, LLC v. Forward Motion Pictures, LLC*,
No. 24-mc-494, 2025 U.S. Dist. LEXIS 22579 (E.D. Cal. Feb. 7, 2025)............................5

*Mirae Asset Sec. Co. v. Ryze Renewables Holdings, LLC*,
  No. 23-cv-1492, 2026 U.S. Dist. LEXIS 76409 (D. Nev. Apr. 6, 2026) ..............................11

*Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*,
  301 F.R.D. 426 (N.D. Cal. 2014) ...................................................................................14

*Mount Hope Church v. Bash Back*,
  705 F.3d 418 (9th Cir. 2012) ...........................................................................................9

*N.Y. State Teachers' Ret. Sys. v. GM Co.*,
  No. 14-11191, 2015 U.S. Dist. LEXIS 45576 (E.D. Mich. Apr. 8, 2015) ...........................13

*New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*,
  No. 98-775, 2000 U.S. Dist. LEXIS 531 (E.D. Pa. Jan. 13, 2000) .....................................10

*Powell v. UHG 1 LLC*,
  No. 23-cv-6389, 2024 U.S. Dist. LEXIS 173417 (N.D. Ill. Sep. 25, 2024) .........................11

*Schneider v. Chipotle Mexican Grill, Inc.*,
  No. 16-cv-02200, 2017 U.S. Dist. LEXIS 115201 (N.D. Cal. Jul. 24, 2017) ......................12

*Soto v. Castlerock Farming & Transp., Inc.*,
  282 F.R.D. 492 (E.D. Cal. 2012) .....................................................................................5

*Value Drug Co. v. Takeda Pharms. U.S.A.*,
  No. 22-mc-13, 2022 U.S. Dist. LEXIS 104717 (S.D. Ohio Jun. 10, 2022) .........................14

*Villari v. Terminix International, Inc.*,
  No. 85-1363, 1988 U.S. Dist. LEXIS 3212 (E.D. Pa. Apr. 13, 1988) ..................................9

**RULES**

Fed. R. Civ. P. 45 ....................................................................................................5

Fed. R. Civ. P. 45(a)(1)(C) ........................................................................................5

Fed. R. Civ. P. 45(e)(1)(A) .......................................................................................11

Fed. R. Civ. P. 45(f) ...............................................................................................14

## I.    STATEMENT OF THE ISSUES

Plaintiffs move under Federal Rule of Civil Procedure 45(d)(2)(B)(i) for an order compelling non-party Adobe Systems, Inc. ("Adobe") to comply with Plaintiffs' subpoena for documents. Plaintiffs seek targeted, limited discovery concerning Adobe's tracking technology that was deployed on the website of Cigna Corporate Services, LLC and The Cigna Group (collectively, "Cigna" or "Defendants"), which is the subject of an underlying digital wiretapping action, *Adair et al. v. Cigna Corporate Services, LLC, et al.,* No. 2:25-cv-02384-WB (E.D. Pa.) (the "Underlying Action"). Plaintiffs allege that Adobe's tracking technology was embedded on Defendants' website, "inside [Defendants'] purportedly secure medical and dental portals [like MyCigna]," and that it captured the private, highly sensitive, and personal content of insureds' communications, including clicks, keystrokes, and URLs.

Adobe does not dispute that its tracking technology was deployed on Cigna's website, or that the private, health-related data of Cigna's insureds were transmitted to Adobe servers. Accordingly, the requested documents are directly relevant to Plaintiffs' core allegations in the Underlying Action: that Adobe tracking technology embedded on Cigna's website and secure portals captured insureds' private health-related communications in real time.[1]

Nevertheless, after months of correspondence and multiple meet-and-confers (on February 24, March 31, and April 17, 2026), Adobe has refused to produce documents in any of the six categories Plaintiffs have identified other than a 174 page Adobe Analytics Export Guide (a generic reference manual) from its public website. Nor has Adobe attempted to carry its burden to demonstrate that complying with the at-issue subpoena would be unduly burdensome. Instead, Adobe insists that Plaintiffs must obtain the requested information from Cigna. Adobe's position is incorrect as a matter of law. Moreover, only Adobe can produce (i) the data it collected from Cigna's website, (ii) documents describing the products and configurations *Adobe* deployed, (iii) documents describing the manner in which transmissions to Adobe were triggered, (iv) *Adobe's*

---

[1] Plaintiffs allege violations of the Federal Wiretap Act, 18 U.S.C. §§ 2510–2520, and the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. §§ 5701–5782, along with Pennsylvania common law claims for invasion of privacy, breach of fiduciary duty, and unjust enrichment.

data retention policies and practices, and (v) documents concerning *Adobe's* disclosure and/or dissemination of the at-issue data. For these reasons, Adobe should be required to comply with the subpoena.

Finally, transfer of this motion to the Eastern District of Pennsylvania is warranted because this subpoena dispute is intertwined with court-supervised discovery in that venue, satisfying Rule 45(f)'s "exceptional circumstances" standard. The issuing court is managing the same issues (including Adobe's tracking technologies and data practices vis-à-vis Cigna) and has appointed a Special Master to oversee discovery. Allowing the motion to proceed elsewhere risks inconsistent decisions; transfer would not burden Adobe and would promote case management.

## II.       PARTIES AND JURISDICTIONAL STATEMENT

Movants (referred to in this motion as "Plaintiffs") are the plaintiffs in the Underlying Action. Respondent Adobe is a non-party served with Plaintiffs' Rule 45 subpoena for documents. Adobe served written responses and objections to Plaintiffs' subpoena on January 16, 2026. This Court has jurisdiction over this motion under Rule 45(d)(2)(B)(i) because compliance with the subpoena is required in this district.

## III.      STATEMENT OF THE RELEVANT FACTS

### A.       Allegations and Plaintiffs' Subpoena to Adobe

Plaintiffs allege in the Underlying Action that Cigna embedded code supplied by third-party vendors, including Adobe, on its website and secure member portals. Plaintiffs' Second Amended Complaint ("SAC") in the Underlying Action (E.D. Pa. Mar. 10, 2026) at ¶¶ 5–6; 177–78; 286–308, ECF No. 89, Ex. 1; *see* Declaration of Chen Kasher, Esq. at ¶ 3. Plaintiffs allege Adobe software was embedded on the website and within secure medical and dental portals. Ex. 1 at ¶¶ 177–78; 286–99. Plaintiffs also allege that Adobe's software intercepted and recorded the content of website users' communications in real time, including clicks, keystrokes, and page URLs. *Id.* at ¶¶ 286–99. Further, Plaintiffs allege that data transmitted through a domain labeled "smetrics.cigna" was routed to Adobe, masking Adobe's role while enabling the transmission of sensitive user interactions to Adobe's systems. *Id.* at ¶¶ 177–78.

Consistent with these allegations, on December 22, 2025, Plaintiffs served a subpoena on

Adobe, with six requests seeking information regarding topics including Adobe's contractual relationship with Cigna, Adobe's implementation of tracking tools, data collected by Adobe, and how Adobe used or shared data. Subpoena to Produce Documents, Information, or Objects, or to Permit Inspection of Premises in a Civil Action at 8–9, in the Underlying Action (E.D. Pa. Dec. 22, 2025) (issued to Adobe Systems, Inc.), Ex. 2; *see* Declaration of Chen Kasher, Esq. at ¶¶ 4–5.

### B.  Adobe's Responses and Meet and Confer Process

On January 16, 2026, Adobe served responses and objections, without producing a single document. Adobe Systems, Inc.'s Responses and Objections to Plaintiffs' Subpoena Duces Tecum at 1–6, in the Underlying Action (E.D. Pa. Jan. 16, 2026), Ex. 3; *see* Declaration of Chen Kasher, Esq. at ¶ 6. In its responses and objections, Adobe objected to producing documents based on its argument that Plaintiffs had "failed to first obtain responsive documents from Defendants," objected to the subpoena as burdensome to the extent it sought information allegedly available from other sources, and asserted additional objections based on confidentiality and proportionality. *Id.*

On February 24, 2026, Plaintiffs and Adobe met and conferred. Adobe, through counsel, acknowledged that the data at issue are transmitted to and stored on its servers. *See* Declaration of Chen Kasher, Esq. at ¶ 7. However, Adobe refused to produce any responsive material based on its position that Cigna has access to the at-issue data. *Id.* Plaintiffs countered that Adobe is best positioned to describe data Adobe received, as well as to describe the operation of Adobe's systems. *Id.*

On March 2, 2026, Plaintiffs sent a lengthy letter regarding the requested six topics in an attempt to reach a compromise. Letter from Chen Kasher, Esq. to David Schwartz, Esq. at 1–3 (Mar. 2, 2026), Ex. 4; *see* Declaration of Chen Kasher, Esq. at ¶ 8. In the interest of compromise, Plaintiffs limited the at-issue period to May 2023 to the present and identified focused categories of information, including the data fields Adobe received from Cigna (such as IP address, URL, search terms entered, timestamps of data receipt, and identity of servers that received at-issue data); whether data was transmitted upon page load or user action; the timing of transmission relative to user interaction; the systems or domains that received data; retention and storage

CASE NO. 26-80144                    3                    MOTION TO COMPEL ADOBE
SYSTEMS, INC. AND MOTION TO
TRANSFER PROCEEDINGS

practices; and limited communications with Cigna concerning use of website interaction data. *Id.*

On March 23, 2026, Plaintiffs served a Rule 30(b)(6) deposition subpoena. Subpoena of Adobe Systems Inc. Pursuant to Fed. R. Civ. P. 30(b)(6), in the Underlying Action (E.D. Pa. Mar. 23, 2026), Ex. 5; *see* Declaration of Chen Kasher, Esq. at ¶ 9. Adobe threatened to move to quash the notice and requested that the parties continue to meet and confer; Plaintiffs agreed to postpone the deposition for two weeks. *See* Declaration of Chen Kasher, Esq. at ¶ 9.

At a meet and confer on March 31, 2026, Adobe did not dispute the relevance of the materials requested, but reiterated its refusal based on the assertion that the information is owned or controlled by Cigna. *See* Declaration of Chen Kasher, Esq. at ¶ 10. Again, Adobe insisted it would not produce a single document. *Id.*

At a third meet and confer on April 17, 2026, Adobe reiterated the same position as before. *See* Declaration of Chen Kasher, Esq. at ¶ 12. Adobe did, however, produce 174 pages, consisting entirely of printouts from its public website from a generic reference manual on Adobe's technology; the production was not specific to this case. Letter from David Schwartz, Esq. to Chen Kasher, Esq. (Apr. 17, 2026) (transmitting ADOBE-000001–000174), Ex. 6; *see* Declaration of Chen Kasher, Esq. at ¶ 11.

**C.     Plaintiffs' Efforts to Obtain the Requested Information from Defendants**

Plaintiffs first sought the requested indisputably relevant information directly from Defendants through targeted requests for production and at least nine meet-and-confer discussions over several months. Letter from Plaintiffs to Hon. Wendy Beetlestone, in the Underlying Action (E.D. Pa. Mar. 10, 2026), ECF No. 58, at 2 (describing "seven videoconferences and more than 35 written communications"), Ex. 8; *see* Declaration of Chen Kasher, Esq. at ¶ 13-14. Those requests addressed, among other things, the implementation of the online tracking technologies and documents reflecting how website communications were collected, transmitted, and processed. Letter from Pls. to Hon. Wendy Beetlestone (E.D. Pa. Mar. 24, 2026), ECF No. 99, at 4, Ex. 9; *see* Declaration of Chen Kasher, Esq. at ¶ 13-14.

In April 2026, following Judge Beetlestone's appointment of a special master to adjudicate discovery issues, Defendants further clarified the scope of their position in meet-and-

confer conferences, including a meeting of over an hour on April 21, 2026. *See* Declaration of Chen Kasher, Esq. at ¶ 15. During that conference, Defendants said they would not produce full source code and would instead limit their production to documents found through search terms and selected custodians. *Id.* The Special Master in the Eastern District of Pennsylvania then rejected that position and ordered Cigna to produce source code responsive to RFP No. 2. *See* Declaration of Chen Kasher, Esq. at ¶ 15. But Defendants are still resisting. Rather than agreeing to collect and produce the source code in a complete, organized way, Defendants are trying to revisit the issue with supplemental submissions and have given no indication that they will produce any source code. *See* Declaration of Chen Kasher, Esq. at ¶ 16. As a result, there has been no production of the actual source code, making discovery from Adobe necessary.

## IV.    ARGUMENT

### A.    Adobe Should Be Required to Comply with the Subpoena

#### 1.    The Subpoena Seeks Highly Relevant, Adobe-Specific Discovery Within the Scope of Rule 45.

Plaintiffs' subpoena to Adobe seeks relevant, nonprivileged information within the scope of permissible third-party discovery. "Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that commands a non-party `to produce documents, electronically stored information, or tangible things[.]'" *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012) (citing Fed. R. Civ. P. 45(a)(1)(C)). The scope of discovery available through a Rule 45 subpoena is the same as the scope of discovery under Rule 26. *Life Fitness, LLC v. Forward Motion Pictures, LLC*, No. 24-mc-494, 2025 U.S. Dist. LEXIS 22579, at *4–5 (E.D. Cal. Feb. 7, 2025) ("[D]iscovery allowed under a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b)."); *see also* Fed. R. Civ. P. 45, advisory committee's note to 1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").

Here, Plaintiffs' six requests are narrowly tailored to seek discovery concerning the operation of the at-issue website, Adobe's involvement in at-issue alleged misconduct, and the collection and dissemination of private health data. Ex. 2. These six requests proportionally target

discrete categories of documents within Adobe's possession that are central to the alleged misconduct and to which Adobe can provide *authoritative* information. More specifically:

- *Request No. 1 (Contracts and Agreements)*. Request No. 1 seeks agreements between Adobe and Cigna to clarify Adobe's services and responsibilities with respect to the website. Ex. 2 at 8 ("Any agreements, contracts, statements of work, terms of service, or other business relationship documents entered into between You and Cigna or CCS relating to any service or work performed in connection with the Website."). Adobe objected to the request as premature, overbroad, vague, and unduly burdensome, because the materials are allegedly available from Cigna. Ex. 3 at 6–7. These materials are directly relevant to whether Cigna retained Adobe for tracking or data collection. *Jones v. Henderson*, No. 23-cv-23, 2024 U.S. Dist. LEXIS 48104, at *23–24 (S.D. Miss. Mar. 19, 2024) (ordering subpoenaed party to produce "the broader content of any agreements" and citing related caselaw indicating that it is relevant to the "relationship and course of dealing") (citation omitted).

- *Request No. 2 (Communications Regarding Embedding of Adobe's Technology)*. Request No. 2 seeks communications concerning the embedding of Adobe's tracking technologies on Cigna's website. Ex. 2 at 8 ("All communications between You and Cigna or CCS or their agents concerning the embedding or deployment of the Tracking Technologies on the Website."). Adobe objected to the request as overbroad, vague, and unduly burdensome (because the materials are allegedly available from Cigna) and that it raises privacy concerns. Ex. 3 at 7–8. These communications are relevant to show how those technologies were implemented, by whom, and for what purpose. The request is limited to the deployment of Adobe tracking tools on Cigna's website over an approximately two-year period, making the request proportional. *See Knight Capital Partners Corp. v. Henkel AG & Co.*, 290 F. Supp. 3d 681, 690 (E.D. Mich. 2017) (ordering subpoenaed entity to turn over internal communications related to business deals as "plaintiff's requests are adequately specific and seek disclosure only of those documents evidencing

discussions pertinent to the contemplated three-way partnership during the approximately two-year span of the negotiations").

- *Request No. 3 (Description of Tracking Technologies)*. Request No. 3 seeks documents describing the Adobe tracking technologies that are at issue, including documents that identify the tools at issue and how they function. Ex. 2 at 8–9 ("All documents describing or referring to any of the Tracking Technologies deployed or present on the Website, including the names, descriptions, and technical specifications of each script, pixel, cookie, tag, or other code."). *Barco, Inc. v. Yealink (USA) Network Tech. Co., Ltd.*, No. 23-cv-521, 2025 U.S. Dist. LEXIS 202554, at *7 (E.D. Tex. Oct. 14, 2025) (expert should have had "access to the relevant technical documents" that are critical for a "sufficiently detailed technical opinion"). This request is narrowly focused on these technical descriptions and specifications. *Id.* Adobe objected to the request as overbroad, vague, and unduly burdensome (because the materials are allegedly available from Cigna). Ex. 3 at 9–10.

- *Request No. 4 (User Communications Collected)*. Request No. 4 seeks documents concerning user interactions collected by Adobe. Ex. 2 at 9 ("All documents concerning Website Communications intercepted, collected, or otherwise received from any users of the Website."). Adobe objected to the request as premature and burdensome because the information is available from Cigna. Ex. 3 at 10–11. These documents are central to Plaintiffs' allegations and at-issue claims. To be clear: Plaintiffs allege that user activity on Cigna's website was intercepted and/or captured by Adobe. This request seeks evidence of what Adobe actually received, which is critical to Plaintiffs' claims. *See, e.g., In re Google RTB Consumer Privacy Litig.*, 606 F. Supp. 3d 935, 946–48 (N.D. Cal. 2022) ("The nature and volume of the collected information is also important."); *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 596–98 (9th Cir. 2020) (describing how the data that Facebook collected may have revealed browsing histories and could be linked to individuals,

making it central to the privacy and wiretap causes of action by showing the scope of tracking). Additionally, this request is limited to data originating from Cigna's website and collected by Adobe, and is therefore proportional.

- *Request No. 5 (Data Collected or Received)*. Request No. 5 seeks documents reflecting data collected or received from Cigna's website. Ex. 2 at 9 ("All documents reflecting data You collected or received from the Website."). Adobe objected to the request as premature and burdensome because the information is available from Cigna. Ex. 3 at 12–13. These documents are highly relevant because they show the substance of the health-related information that Adobe obtained from Cigna insureds. *In re Google RTB*, 606 F. Supp. 3d at 946–48; *In re Facebook Tracking*, 956 F.3d at 596–98. This request complements Request No. 4 and is limited to data collected from Cigna's website during the relevant time period.

- *Request No. 6 (Disclosure of Data to Others)*. Request No. 6 seeks documents showing to whom Adobe disclosed or transferred data. Ex. 2 at 9 ("All documents sufficient to show each party, including Cigna and CCS, to whom You sold, transferred, or disclosed data received or collected from the Website."). Adobe objected to the request as premature and burdensome because the information is available from Cigna. Ex. 3 at 13–14. These documents are relevant because they establish whether user information was shared beyond Adobe and identify additional entities involved. *In re Nickelodeon Consumer Priv. Litig.*, 827 F.3d 262, 267–69 (3d Cir. 2016) (allegations that user identifiers and viewing data were disclosed to third parties cognizable). This bears directly on the scope of the alleged conduct. *Id.* The request is limited to Adobe's disclosures of data from Cigna's website, making it proportional to the needs of the case.

CASE NO. 26-80144

8

MOTION TO COMPEL ADOBE SYSTEMS, INC. AND MOTION TO TRANSFER PROCEEDINGS

2.    Adobe Cannot Demonstrate That Compliance Would Impose an Undue Burden.

Plaintiffs have established the relevance of the requested discovery, and the burden therefore shifts to Adobe (as the resisting non-party) to substantiate any claimed burden with specific evidence, not conclusory objections. Once relevance is shown, the entity resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Corbera v. Taylor*, No. 21-cv-1998-WBS-KJN, 2022 U.S. Dist. LEXIS 94777, at *8–9 (E.D. Cal. May 26, 2022) (citation omitted). To meet this burden, a non-party must do more than assert generalized objections; it must submit specific evidence demonstrating the nature and extent of the burden. *See, e.g., Mount Hope Church v. Bash Back*, 705 F.3d 418, 427, 429 (9th Cir. 2012) (discussing "undue burden"); *Fairholme Funds Inc. v. Fed. Hous. Fin. Agency*, No. 13-cv-1053, 2019 U.S. Dist. LEXIS 194892, at *6 (D.D.C. Nov. 8, 2019) ("Vague and conclusory assertions are not sufficient; rather, a showing of undue burden must be specific and concrete.") (citation and quotations omitted).

Adobe's principal objection is not that the requested information is irrelevant, but that Plaintiffs should seek it from Cigna first. But that is not a valid basis to refuse compliance under Rule 45. *See Cameron v. CHW Grp.*, No. 23-cv-320, 2025 U.S. Dist. LEXIS 201446, at *8 (D. Utah Oct. 10, 2025) ("There is no requirement that a party seek discovery from another party before serving a nonparty subpoena."); *Villari v. Terminix International, Inc.*, No. 85-1363, 1988 U.S. Dist. LEXIS 3212, at *7 (E.D. Pa. Apr. 13, 1988) ("[T]he fact that a relevant and non-privileged document sought in discovery may be available elsewhere does not constitute a legitimate objection to its production."). Moreover, the subpoena seeks Adobe's own records, system information, and data concerning Adobe technologies deployed on Cigna's website and portals. *In re Subpoena to Kaiser Found. Health Plan Inc.*, No. 25-mc-80379, 2026 U.S. Dist. LEXIS 28812, at *12 (C.D. Cal. Feb. 11, 2026) (permitting discovery as to documents "uniquely in Kaiser and other nonparty's possession"). Even if some information overlaps with Cigna's records, that does not relieve Adobe of its obligation to produce its own documents. *Id.* ("[T]he information she wants from Kaiser overlaps with the information she has already obtained from Defendants. This lessens Doe's need to obtain the information from Kaiser, but, for the following

reasons, does not warrant denying Doe's request that Kaiser respond to Requests 5-8 outright."); *Ceuric v. Tier One, LLC*, 325 F.R.D. 558, 561 (W.D. Pa. 2018) ("Rule 45 does not require a party to demonstrate that information cannot be obtained from another party before subpoenaing it from a third party."). As an Eastern District of Pennsylvania court has explained:

> While there may be some duplication between defendants' and the third parties' production of documents, there are sure to be many other documents in the possession of the third parties not in the possession of the defendants. Practically, there is no way for the plaintiff to frame its request to eliminate the possibility of duplication and at the same time ensure that it receives all of the documents it seeks from third parties. Moreover, plaintiff asserts that the defendants have not produced all of the documents it requested. Thus, plaintiff claims that it needs the third parties' documents, not only as a supplement to defendants' productions, but also to test the veracity of defendants' assertions that they have produced all the documents they were required to produce.

*New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*, No. 98-775, 2000 U.S. Dist. LEXIS 531, at *15 (E.D. Pa. Jan. 13, 2000).

Furthermore, Adobe has not attempted to carry its burden to show undue burden given the extremely limited scope of the subpoena; it has provided no affidavits, technical declarations, cost estimates, or other quantified burden. *See* Declaration of Chen Kasher, Esq. at ¶ 18; *see also, Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal. 2006) (subpoenaed party quantified the efforts required, including searches, to comply with the subpoena and court still required compliance). Because the subpoena is narrow, time limited, and contains just six requests, Adobe cannot carry this burden. Indeed, none of the six at-issue requests impose any undue burden:

- *Request No. 1 (Contracts and Agreements)*. This request imposes minimal burden because it seeks an identifiable category of documents: Adobe's agreements with Cigna relating to its website, including executed versions, statements of work, internal terms, and related materials. Ex. 2 at 8. Such documents are maintained in the ordinary course of business and can be located without complicated searches. Fed. R. Civ. P.

45(e)(1)(A) (subpoena recipient to produce documents "as they are kept in the ordinary course of business"); *Hi.Q, Inc. v. Zeetogroup, LLC*, No. 22-cv-1440, 2022 U.S. Dist. LEXIS 215133, at *38 (S.D. Cal. Nov. 29, 2022) (documents "kept in the ordinary course of business" were not sufficiently burdensome to justify non-production).

- *Request No. 2 (Communications Regarding Deployment)*. This request is limited to communications concerning the embedding or deployment of tracking technologies on Cigna's website. Ex. 2 at 8. It does not require Adobe to search all communications, but only those tied to Adobe's work with Cigna. Adobe's records are not duplicative and cannot be obtained from another source. *Mirae Asset Sec. Co. v. Ryze Renewables Holdings, LLC*, No. 23-cv-1492, 2026 U.S. Dist. LEXIS 76409, at *12 (D. Nev. Apr. 6, 2026) (subpoenaed party "must produce responsive internal documents and communications which are non-privileged, do not include Defendants, and could not be produced by Defendants").

- *Request No. 3 (Description of Tracking Technologies)*. This request seeks Adobe's own documents describing its technologies. Ex. 2 at 8–9. These materials – such as product documentation, technical specifications, and implementation guides – are maintained by Adobe in the ordinary course of business. Adobe is the authoritative source of its own documentation. *Powell v. UHG 1 LLC*, No. 23-cv-6389, 2024 U.S. Dist. LEXIS 173417, at *15–16 (N.D. Ill. Sep. 25, 2024) ("The Court finds that the subpoenas seek . . . internal documents and communications about plaintiff's loan, and their policies and procedures surrounding contract negotiations, notifying consumers of interest rates, and processing loan applications [are relevant and must be produced]."). Accordingly, this request targets materials uniquely within Adobe's possession; it does not impose undue burden.

- *Request No. 4 (Communications Collected from Cigna Insureds)*. This request seeks records of interactions between Cigna insureds and Cigna's website that Adobe collected or received. Ex. 2 at 9. It does not require Adobe to create new information,

merely to produce existing records reflecting data received from Cigna's website. Adobe alone possesses records of what it actually received or processed on its own systems. Cigna cannot replicate or substitute for Adobe's data. *See Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-02200, 2017 U.S. Dist. LEXIS 115201, at *5 (N.D. Cal. Jul. 24, 2017) (permitting third party subpoenas to corroborate testimony provided by party). Because the request is limited to website-derived user interactions during a defined period, it is proportional and not burdensome. *In re EpiPen (Epinephrine Injection, USP) Mktg.*, No. 17-md-2785, 2018 U.S. Dist. LEXIS 97433, at *31 (D. Kan. Jun. 11, 2018) ("the documents Plaintiffs seek are uniquely within [third party] Humana's possession or control. In addition, Plaintiffs have provided Humana with a specific list of data fields to assist in data production, narrowed the relevant time period at Humana's request, and made suggestions where responsive documents may likely be located. The Court finds Humana's boilerplate objections lack support and do not adequately provide a basis for the Court to grant them.").

- *Request No. 5 (Data Collected or Received)*. As in Request No. 4, in Request No. 5 Plaintiffs seek documents reflecting the data Adobe collected or received from Cigna's website. Ex. 2 at 9. These materials exist on Adobe's systems. *See* Declaration of Chen Kasher, Esq. at ¶ 4–5, 7. Even if Cigna can access some of these data, only Adobe can produce data it actually obtained. *EpiPen,* 2018 U.S. Dist. LEXIS 97433, at *31. The request is limited and Adobe has not quantified any burden. *Id.*, at *33 ("Humana offers no affidavit, nor does it otherwise demonstrate that it will suffer undue burden and expense complying with the subpoena.").

- *Request No. 6 (Disclosure of Data to Others)*. Request No. 6 seeks documents showing to whom Adobe disclosed or transferred data received from Cigna's website. Ex. 2 at 9. Only Adobe can identify whether, and to whom, it disclosed the data. The request therefore targets information exclusively within Adobe's possession and does not impose undue burden.

CASE NO. 26-80144                                    12                                    MOTION TO COMPEL ADOBE
                                                                                          SYSTEMS, INC. AND MOTION TO
                                                                                          TRANSFER PROCEEDINGS

Moreover, Adobe's burden here is especially light, because it has already engaged in discovery concerning its tracking technologies in related litigation where fact discovery is ongoing and closes on December 11, 2026. Declaration of Chen Kasher, Esq. at ¶ 19; *Joint Case Management Statement, In re Adobe Data Tracking Litig.*, No. 25-cv-3032-NW, ECF No. 88 at 17 (N.D. Cal. filed Dec. 30, 2025). Courts assess burden based on the incremental effort required to comply, including whether the materials are already being collected in other litigation. *See, e.g., In re Bank of Am. Corp. Secs., Derivative, & ERISA Litig.*, No. 09-MDL-2058, 2009 U.S. Dist. LEXIS 108322, at *5 (S.D.N.Y. Nov. 16, 2009) (burden is "slight" where entity "has already found, reviewed and organized the documents") (citation omitted, cleaned up); *In re Equifax Inc.*, No. 17-cv-3463, 2018 U.S. Dist. LEXIS 101041, at *15 (N.D. Ga. Jun. 18, 2018) ("ordering Equifax to engage in these same [discovery] activities in the securities action would not impose an undue burden on it"); *N.Y. State Teachers' Ret. Sys. v. GM Co.,* No. 14-11191, 2015 U.S. Dist. LEXIS 45576, at *11 (E.D. Mich. Apr. 8, 2015) ("production of the documents would not unduly burden . . . because they already had reviewed and compiled the documents when they produced them to other entities or parties"). Here, the subpoena seeks materials – communications, technical documentation, and data about Adobe's tracking technologies – that are the subject of parallel litigation in which Adobe is involved. *See In re Adobe Data Tracking Litig.*, No. 25-cv-3032-NW, ECF No. 73, at 3, 48 (N.D. Cal. Oct. 22, 2025) (involving claims that Adobe's analytics and tracking technologies collected and transmitted website data without consent). At minimum, Adobe must substantiate any claimed burden with evidence, which it has not done, presumably because it cannot.

Additionally, while Adobe objects on the basis that the subpoena may call for confidential or proprietary information, it also has stated that to the extent it produces such materials it will do so in accordance with the governing protective order, which was served along with the subpoena. Ex. 2 at 10. That is the ordinary method for addressing confidentiality concerns in discovery. To the extent responsive materials contain confidential technical or commercial information, those concerns can be addressed through confidentiality designations and redactions of information outside the scope of the subpoena.

**B.** **Transfer to the Eastern District of Pennsylvania Is Warranted Under Rule 45(f)**

Transfer to the issuing court, the Eastern District of Pennsylvania, is warranted because this dispute presents the exceptional circumstance of being *very* closely intertwined with ongoing, court-supervised discovery in that District. Rule 45(f) permits transfer to the issuing court upon a showing of exceptional circumstances or the voluntary agreement of the parties. *See* Fed. R. Civ. P. 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court."). If Adobe does not voluntarily consent to transfer, those circumstances are present here, for several reasons:

*First*, this dispute arises from discovery in the Underlying Action pending in the Eastern District of Pennsylvania. The issues presented are already being managed in the Underlying Action – including the issues of how Adobe's technologies were deployed on Cigna's website and portals, what data were transmitted to Adobe, and what Adobe collected, stored, and disclosed. *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court.").

*Second*, the Eastern District of Pennsylvania has appointed a Special Master to oversee discovery in the underlying action. *Genesis Abstract, LLC v. Bibby*, No. 17-302, 2017 U.S. Dist. LEXIS 58647, at *6 (D.N.J. Apr. 18, 2017) ("Here, the Issuing Court has established a discovery schedule and a dispute resolution procedure which involves continuing management by a Special Master. The Court is loath to disturb those structures, especially considering the long history and complexity of the litigation."). Allowing this motion to proceed independently of the proceedings in the Underlying Action risks inconsistent rulings on the scope of discovery into the same tracking technologies already under supervision. The issuing court, together with the Special Master, is best positioned to evaluate the relevance, proportionality, and sequencing of third-party discovery in the context of the full record and related disputes. *Value Drug Co. v. Takeda Pharms. U.S.A.*, No. 22-mc-13, 2022 U.S. Dist. LEXIS 104717, at *6 (S.D. Ohio Jun. 10, 2022)

14

("exceptional circumstances exist warranting transfer of this matter to the Eastern District of Pennsylvania . . . . A Special Master has been appointed to resolve discovery disputes, and he has already evaluated the relevance of certain documents, ruling on one motion to compel.").

*Finally*, transfer would not impose undue burden on Adobe, as the dispute is briefed on papers and concerns legal and technical issues.

Accordingly, the Court should transfer this motion to the Eastern District of Pennsylvania pursuant to Rule 45(f).

Dated: May 6, 2026                                Respectfully submitted,

/s/ Jerome J. Schlichter
Jerome J. Schlichter (Bar No. 54513)
SCHLICHTER BOGARD LLC
100 S. Fourth Street, Suite 1200
Saint Louis, MO 63102
Tel: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com

*Attorney for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2026, a true and correct copy of the foregoing document was served on counsel for Adobe and Cigna, by electronic mail upon consent, or, if necessary, by process server.


/s/ Jerome J. Schlichter
Jerome J. Schlichter