United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE SUBPOENAS TO ADOBE SYSTEMS, INC.<br>JERRY MITCHELL ADAIR, et al.,<br>Plaintiffs,<br>v.<br>CIGNA CORPORATE SERVICES, LLC et al.,<br>Defendant. | Case No. 26-mc-80144-VKD<br>**ORDER TRANSFERRING NON-PARTY MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER TO ISSUING COURT**<br>Re: Dkt. No. 29 |

On July 13, 2026, the Court issued an order granting in part and denying in part, without prejudice, Plaintiffs' motion to compel non-party Adobe Systems, Inc.'s ("Adobe") compliance with a document subpoena served in connection with a putative class action, *Adair, et al. v. Cigna Corporate Services, LLC, et al.*, No. 2:25-cv-02384-WB (E.D. Pa.) ("Pennsylvania action"). Dkt. No. 28.

On July 31, 2026, Plaintiffs and Adobe filed a joint discovery dispute letter regarding their dispute about a second document subpoena and a Rule 30(b)(6) deposition subpoena, both of which issued in the Pennsylvania action and were served by Plaintiffs on Adobe. Dkt. No. 29. According to Plaintiffs, the second document subpoena is directed to Adobe records Plaintiffs say they cannot obtain from Cigna in the Pennsylvania action: "Adobe's server-side receipt logs, inbound-request records, Adobe-generated timestamps, request identifiers, processing records, or other metadata independently generated or maintained by Adobe upon receipt." *Id.* at 5. They say they require a deposition of Adobe because "Cigna produced numerous Adobe-authored documents" about which Plaintiffs say they are "entitled to Adobe's corporate testimony." *Id.* at

6. Adobe responds that Plaintiffs continue to seek from Adobe documents that can be obtained from Cigna, and the Plaintiffs have not explained why the discovery they seek from Adobe is necessary in view of the production Cigna has recently made. *Id.* at 2. With respect to the deposition subpoena, Adobe objects to the scope of the noticed topics; the burden a deposition would impose on Adobe, given that the information requested can be obtained from Cigna; and the insufficient time allotted for necessary preparation. *Id.* at 3. Fact discovery in the Pennsylvania action closes on August 7, 2026. *Id.* at 3, 4.

The Court construes the July 31, 2026 joint discovery dispute letter as Adobe's motion to quash both subpoenas and for a protective order against their enforcement. For the reasons explained below, the Court transfers this motion to the issuing court pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.[1]

Rule 45(f) provides that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a [motion to compel] to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Rule 45(f) does not describe the circumstances that may qualify as "exceptional," but among the factors courts consider in assessing whether exceptional circumstances exist are (1) the complexity, procedural posture, and duration of the underlying litigation; (2) the nature of the issues pending before, or already resolved by, the issuing court; (3) the need to avoid unnecessary duplication; and (4) whether the issuing court is in a better position to decide the motion based on its familiarity with the issues involved. *See, e.g., E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, SA MC 15-00022-DOC (DFMx), 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (discussing non-exhaustive list of considerations); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429-30 (N.D. Cal. 2014) (same); *see also* Fed. R. Civ. P. 45 advisory committee's notes to 2013 amendments ("[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues

[1] For reasons that are not clear, Adobe requests *leave* to file a motion to quash and for a protective order. To the extent Adobe seeks leave to file a regularly noticed motion, the Court defers to the issuing court regarding the form in which this dispute shall be presented to it.

United States District Court
Northern District of California

presented by the motion or the same issues are likely to arise in discovery in many districts.").

Here, exceptional circumstances warrant transfer of Adobe's motion to the Eastern District of Pennsylvania. The Pennsylvania action has been pending since May 9, 2025, and as noted above fact discovery is scheduled to close in four days. Discovery in the underlying action appears to have been contentious and has been supervised by a special master who is well-versed in the discovery disputes between Plaintiffs and Cigna regarding the production of technical materials. The dispute between Plaintiffs and Adobe now appears to overlap substantially with prior and continuing discovery disputes between Plaintiffs and Cigna, implicating questions about whether the discovery Plaintiffs seek from Adobe is relevant to a claim or defense and whether the discovery can be obtained directly from Cigna. There is now a risk of unnecessary duplication and/or inconsistent decisions if this Court attempts to resolve the dispute described in the July 31, 2026 joint discovery dispute letter. The Court expects that the presiding judge or special master in the Pennsylvania action is in a better position to decide Adobe's motion based on superior familiarity with the issues involved. *See Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-mc-80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) ("Numerous district courts have found exceptional circumstances when motion practice in the issuing court raises similar arguments to those raised in the motion sought to be transferred.") (quotation modified).

Accordingly, the Court orders this matter transferred to the Eastern District of Pennsylvania and directs the Clerk of the Court to close this file.

**IT IS SO ORDERED.**

Dated: August 3, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge